UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO.  4:17-CV-158-JHM

**[Filed Electronically]**

| | |
|---|---|
| **JENNIFER KAYE LESTER, Individually and in her capacity as Administratrix of the Estate of James Joseph Lester** | **PLAINTIFF** |

**VS.**

**DAVIESS COUNTY, KENTUCKY**                                    **DEFENDANT**
Serve:     Al Mattingly
               Daviess County Judge Executive
               212 St. Ann St, Room 202
               Owensboro, KY  42303

**DAVIESS COUNTY FISCAL COURT**                          **DEFENDANT**
Serve:     Al Mattingly
               Daviess County Judge Executive
               212 St. Ann St, Room 202
               Owensboro, KY  42303

**DAVIESS COUNTY DETENTION CENTER**              **DEFENDANT**
Serve:     Al Mattingly
               Daviess County Judge Executive
               212 St. Ann St, Room 202
               Owensboro, KY  42303

**DAVID W. OSBORNE, Individually and in his Official Capacity
as Daviess County Jailer**                                                    **DEFENDANT**

Serve:     David W. Osborne
               5770 Hayden Bridge Rd.
               Owensboro, KY  42301

**ADVANCED CORRECTIONAL HEALTHCARE, INC.**    **DEFENDANT**
3922 W. Baring Trace
Peoria, IL 61615-2500

Serve:     C T CORPORATION SYSTEM
               306 W MAIN ST
               SUITE 512
               FRANKFORT, KY 40601

1

# COMPLAINT

Plaintiff, Jennifer Kaye Lester, individually and in her capacity as Administratrix of the Estate of James Joseph Lester, for her Complaint, states as follows:

## JURISDICTION AND VENUE

1. Plaintiff, Jennifer Kaye Lester, seeks damages from Defendants under 42 U.S.C. § 1983 for actions at the Daviess County Detention Center that were deliberately indifferent to and in violation of the rights guaranteed James Joseph Lester by the Eighth and Fourteenth Amendments to the United States Constitution, resulting in his death. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and § 1343. This Court has jurisdiction over the state law claims, below, pursuant to 28 U.S.C. § 1367, because the claims form part of the same case and controversy as the above federal action. Venue is proper in this district, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in Daviess County, Kentucky.

## PARTIES

2. Plaintiff, Jennifer Kaye Lester, is a resident of Daviess County, Kentucky and is the surviving spouse of James Joseph Lester, deceased. Jennifer Kaye Lester was appointed as Administratrix of the Estate of James Joseph Lester by an Order of the Daviess District Court entered June 27, 2017. James Joseph Lester was a resident of Daviess County, Kentucky at the time of his death on April 9, 2017.

3. Defendants, Daviess County, Kentucky, Daviess County Fiscal Court, and the Daviess County Detention Center, are governmental entities that, pursuant to the Kentucky Constitution, Kentucky Revised Statutes, and Kentucky Administrative Regulations, are responsible for the incarceration of prisoners arrested in Daviess County, operated and managed the Daviess County Detention Center, and established or failed to establish policies and procedures for the screening, hiring, employment, retention, supervision, training, and conduct of the Daviess County Jailer, and employees, officers, deputies and any medical staff at the Daviess County Detention Center.

4. Defendant, David W. Osborne, is a resident of Daviess County and on the date of James Joseph Lester's death was acting in his individual and/or official capacity as the Jailer of Daviess County, Kentucky and was responsible for the incarceration of prisoners arrested in Daviess County, operated and managed the Daviess County Detention Center, and established or failed to establish policies and procedures for the screening, hiring, employment, retention, supervision, training, and conduct of the employees, officers, deputies and any medical staff at the Daviess County Detention Center.

5. Defendant, Advanced Correctional Healthcare, Inc., is a foreign corporation that, on the date of James Joseph Lester's death, provided medical services and medical personnel to Daviess County, Kentucky, Daviess County Fiscal Court, and the Daviess County Detention Center regarding prisoners arrested in Daviess County, and established or failed to establish policies and procedures for the screening, hiring, employment, retention, supervision, training, and conduct of the employees, doctors, nurses and any other medical staff at the Daviess County Detention Center.

## FACTS AND ALLEGATIONS

6. On April 9, 2017, at approximately 4:00 a.m. in Daviess County, Kentucky, James Joseph Lester was arrested on a misdemeanor charge of public intoxication and lodged in the Daviess County Detention Center.

7. At approximately 7:39 a.m. on April 9, 2017, Yellow Ambulance received a call and was dispatched to the Daviess County Detention Center. Upon arrival, Yellow Ambulance EMTs found James Joseph Lester lying supine on the floor, unconscious, unresponsive, with no pulse, cardiac rhythm was asystole, his pupils non-reactive and cloudy, skin cool with mottling and discoloration. His condition remained unchanged during transport to and on arrival at Owensboro Health Regional Hospital. The hospital called his time of death at 8:00 a.m.

8. While acting under color of law of Daviess County and the Commonwealth of Kentucky, Defendants, and each of them, were deliberately indifferent to James Joseph Lester's serious medical needs, failed to properly train and supervise the conduct of the personnel of the Daviess County Detention Center and Advanced Correctional Healthcare, Inc., failed to adopt policies and procedures to prevent violations of his constitutional rights, and failed to establish policies and procedures for the screening, hiring, employment, retention, supervision, training, and conduct of the employees, officers, deputies and any medical staff at the Daviess County Detention Center, and failed to adhere to training, policies and procedures adopted to prevent violations of his constitutional rights. Defendants' deliberate indifference and intentional, grossly negligent, negligent and/or objectively unreasonable conduct demonstrate Defendants breached their duty of care in

their ministerial acts to provide medical care and, as to their discretionary acts, acted in bad faith by demonstrating deliberate indifference to Mr. Lester's serious medical needs.

9. As a direct and proximate result of the above deliberate indifference, reckless disregard, negligence, gross negligence, intentional, willful and/or wrongful acts of the Defendants, resulting in the death of James Joseph Lester, Plaintiff is entitled to an award of actual, compensatory, general, special, and punitive damages.

## COUNT I – 42 U.S.C. § 1983
### Deliberate Indifference

10. Plaintiff realleges and incorporates by reference each paragraph of this Complaint, above, as though fully set forth herein.

11. The facts and allegations above demonstrate the Defendants were unresponsive to the serious medical needs of Mr. Lester, failed to secure necessary medical attention, and/or denied medical care to Mr. Lester, resulting in his death. Plaintiff believes Mr. Lester's mistreatment was the result of a pattern of misconduct by the Defendants in intentionally, with reckless disregard, or with deliberate indifference, ignoring the serious medical needs of the pretrial detainees and inmates of the Detention Center.

12. As a direct and proximate result of the above acts by the Defendants, and each of them, Mr. Lester was subjected to cruel and unusual punishment, and deprived of his life, in violation of the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

## COUNT II – Wrongful death

13. Plaintiff realleges and incorporates by reference each paragraph of this Complaint, above, as though fully set forth herein.

14. As a direct and proximate result of the above deliberate indifference, reckless disregard, negligence, gross negligence, intentional, willful and/or wrongful acts of the Defendants, and each of them, resulting in the death of James Joseph Lester, Plaintiff demands damages for the destruction of James Joseph Lester's power to earn money, loss of earnings and income he would have earned over the remainder of his anticipated life, actual, compensatory, and punitive damages, funeral and burial expenses, attorney's fees, costs and expenses, pursuant to KRS 411.130.

## COUNT III – Survival Action

15. Plaintiff realleges and incorporates by reference each paragraph of this Complaint, above, as though fully set forth herein.

16. As a direct and proximate result of the above deliberate indifference, reckless disregard, negligence, gross negligence, intentional, willful and/or wrongful acts of the Defendants, and each of them, resulting in James Joseph Lester being forced to endure severe mental and physical anguish, and pain and suffering, prior to and leading up to his death, pursuant to KRS 411.140, Plaintiff demands damages for actual, compensatory, general, special, and punitive damages, funeral and burial expenses, attorney's fees, costs and expenses.

## COUNT IV – Negligence

17. Plaintiff realleges and incorporates by reference each paragraph of this Complaint, above, as though fully set forth herein.

18. As a direct and proximate result of the above deliberate indifference, reckless disregard, negligence, gross negligence, intentional, willful and/or wrongful acts of the Defendants, and each of them, resulting in the death of James Joseph Lester, and, in the case of the medical professionals responsible for Mr. Lester's medical care, including Advanced Correctional Healthcare, Inc. and its employees, nurses and doctors, who failed to meet the standard of care applicable to their professions, Plaintiff demands actual, compensatory, general, special, and punitive damages, funeral and burial expenses, attorney's fees and costs and expenses.

### COUNT IV – Loss of Consortium

19. Plaintiff realleges and incorporates by reference each paragraph of this Complaint, above, as though fully set forth herein.

20. Plaintiff Jennifer Kaye Lester and James Joseph Lester were married prior to, and continued to be married on, the date of his death.

21. As a direct and proximate result of the above deliberate indifference, reckless disregard, negligence, gross negligence, intentional, willful and/or wrongful acts of the Defendants, and each of them, resulting in the death of James Joseph Lester, Plaintiff Jennifer Kaye Lester was caused to suffer, and will continue to suffer in the future, and demands damages for loss of consortium, services, assistance, aid, society, companionship and conjugal relationship of her husband, James Joseph Lester, and actual, compensatory, general, special, and punitive damages, funeral and burial expenses, attorney's fees, costs and expenses.

**WHEREFORE**, Plaintiff, Jennifer Kaye Lester, individually and in her capacity as Administratrix of the Estate of James Joseph Lester, demands trial by jury, actual, compensatory,

general, special, and punitive damages, funeral and burial expenses, attorney's fees, costs, expenses, pre- and post-judgment interest on all sums awarded, and all such other relief which Plaintiff, Mr. Lester and his estate are entitled under law or equity.

                Respectfully Submitted,

BY: /s/ Greg L. Gager
       Greg L. Gager
       Robert John & Associates, P.C.
       319 N.W. Martin Luther King, Jr. Blvd
       Evansville, IN 47708
       Telephone: (812) 425-2718
       Facsimile: (812) 425-2874
       Email: greg@rjohnlaw.com
       ATTORNEY FOR PLAINTIFF